IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DAVID WILSON                                                    PLAINTIFF

v.                                    Civil No.  5:20-cv-05144

DEPUTY MARTIN; DEPUTY SMITH;
DEPUTY POLLICK; DEPUTY RUBIO;
DEPUTY MONDAY; SERGEANT BAKER; and
SHERIFF SHAWN HOLLOWAY, Benton
County, Arkansas                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.

## I.       BACKGROUND

Plaintiff filed his original Complaint on August 10, 2020.  (ECF No. 1).  On that same date,

the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and directed the

Plaintiff to file an Amended Complaint by August 31, 2020.  (ECF No. 3, 6).  The Court's Order

states:

> Plaintiff has listed multiple officers as Defendants.  However, he does not
> explain as to each Defendant what actions or inaction he or she personally took that
> violated Plaintiff's constitutional rights.
>         . . . .
>         In the Amended Complaint, Plaintiff must write short, plain statements
> telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the
> name of the Defendant who violated the right; (3) exactly what the Defendant did
> or failed to do; (4) how the action or inaction of that Defendant is connected to the
> violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff
> suffered because of that Defendant's conduct.  See *Rizzo v. Goode*, 423 U.S. 362,
> 371-72, 377 (1976); Fed. R. Civ. P. 8.  Plaintiff must repeat this process for each
> person he has named as a Defendant.

1

>    Plaintiff is **CAUTIONED** that he must **affirmatively link the conduct of
> each named Defendant with the specific injury he suffered.  If he fails to do,
> the allegations against that Defendant will be dismissed for failure to state a
> claim**.

(ECF No. 6).

Plaintiff's Amended Complaint was filed on August 24, 2020.  (ECF No. 7).  Plaintiff states

three causes of action, all concerning incidents occurring between July 29-31, 2020.

Plaintiff's first claim is for "theft of personal property / bought hygiene supplies (i.e.

shampoo & toothpaste)."  (ECF No. 7 at 4).  Plaintiff names Deputies Martin, Smith, Pollick,

Rubio, Monday, and Baker as Defendants, and names each in both their personal and official

capacities.  Plaintiff states that "[w]hile I was out of view of my cell Deputies entered and took

without permission or cause my items."  (ECF No. 7 at 4).  With respect to his official capacity

claims, Plaintiff was asked to describe the custom or policy that he believes caused a violation of

his constitutional rights.  Plaintiff states: "I was informed by deputy Pollick that I am only allowed

one of each item.  I am still charged for all said items.  I believe it was an act of retaliation by

Deputy Martin."  (ECF No. 7 at 5).

Plaintiff states his second cause of action is for "negligence of duties" with respect to

Defendants Baker and Holloway.  (ECF No. 7 at 5).  Plaintiff states, "I believe the defendants and

most employees at this facility violate inmates rights on an hourly basis and are paid to do so by

tax payers (which includes inmates)."  *Id*.  With respect to his official capacity claims, Plaintiff

was asked to describe the custom or policy that he believes caused a violation of his constitutional

rights.  Plaintiff states: "The sheriff does not adequately supervise his jailers and his subordinate

follow suit.  The deputies constantly abuse and neglect inmate for entertainment."  (ECF No. 7 at

6).

Plaintiff's third cause of action is for "cruel and unusual punishment." (ECF No. 7 at 6). He names as Defendants "all jailers." *Id.* Plaintiff states he was: "daily refused of hygiene items, being shorted on mandatory recreational time, denied legal mail and adequate means to compose said mail (such as pencil, paper, and envelopes), privacy while changing clothing, acts of ridicule and mockery." (ECF No. 7 at 6). With respect to his official capacity claims, Plaintiff was asked to describe the custom or policy that he believes caused a violation of his constitutional rights. Plaintiff states: "Guards go out of their way to increase suffering of inmates. They compete to see whom can be the coldest as if it were a game." (ECF No. 7 at 7).

Plaintiff seeks both compensatory and punitive damages. Specifically, Plaintiff seeks $5,000,000.00. (ECF No. 7 at 7). Plaintiff states: "I believe all inmates should be compensated and apologized to for such inhumane treatment. It's appaling! (sic)" *Id.*

## II.    APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    DISCUSSION

#### A.    Theft of Personal Property Claim

As set forth above, Plaintiff's first claim is for theft of property regarding certain hygiene items.  Plaintiff states that Defendants took items he had paid for, such as shampoo and toothpaste, out of his cell.  He states that Deputy Pollick told him that he is only allowed one of each item. Plaintiff's claim of theft of property is subject to dismissal.

Plaintiff has adequate post-deprivation remedies to regain his property, so his allegations of theft of personal property do not rise to the level of a constitutional violation.  *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).  Because Plaintiff could seek redress in Arkansas state courts for his claim of loss property, he has no claim pursuant to § 1983 in this regard.

Plaintiff also alleges that he believes the items were taken as "an act of retaliation by Deputy Martin."  (ECF No. 7 at 5).  To prevail on a § 1983 claim for retaliation in violation of the First Amendment, "[a Plaintiff] must demonstrate (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and, (3) that the adverse action was motivated at least in

part by the exercise of the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir.2004)).  Plaintiff's bare and conclusory allegation is not sufficient to state a claim for retaliation.

### B.       Remaining Personal Capacity Claims

Plaintiff's second claim is for "negligence of duties" with respect to violations of "inmates rights."  Acts of negligence do not give rise to a claim under § 1983. *Farmer v. Brennan,* 511 U.S. 825, 834-35 (1994).  Instead, an official must act with deliberate indifference to be liable under § 1983.  Because, among other things, Plaintiff fails to allege that Defendants were deliberately indifferent to his rights, his second claim should be dismissed.

Plaintiff's third claim for "cruel and unusual punishment" is stated against "all jailers" and does not link any Defendant with any specific activity.  Accordingly, Plaintiff has failed to state a plausible claim and his third claim should be dismissed.

Further, Plaintiff has failed to state any facts to link Defendants Smith, Rubio, Monday, Baker and Holloway to any claim.  Even a *pro se* Plaintiff must allege specific facts to support a claim.  *Martin*, 780 F.2d at 1337.

As set forth above, Plaintiff was given the opportunity to amend his Complaint, and he was explicitly directed to "write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct."  (ECF No. 6).  Plaintiff was advised that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered.  He was further advised that if he failed to do so, the allegations against that Defendant would be

dismissed for failure to state a claim.  *Id.*  Plaintiff's Amended Complaint fails to meet these requirements, and his second and third claims are subject to dismissal.

### C.      Official Capacity Claims

Finally, Plaintiff's official capacity claims should be dismissed.  Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."  *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010).   In this case, Plaintiff's official capacity claims against Defendants are treated as claims against Benton County.  *See Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor."  *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).  To establish Benton County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity."  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).  To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."  *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Here, Plaintiff fails to identify any custom or policy of Benton County which resulted in the violation of his constitutional rights.  Accordingly, Plaintiff fails to allege any plausible official capacity claims.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 23rd day of September 2020.

/s/ *P. K. Holmes, III*
HON. P. K. HOLMES, III
UNITED STATES DISTRICT JUDGE